FILED

2003 JUN -3 PM 12: 24

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LLOYD HORTON, etc., }
 }
   Plaintiff, }
 }
v. } CIVIL ACTION NO.
 } 03-AR-0869-S
GREGORY W. CALHOUN, etc., et }
al., }
 }
   Defendants. }

ENTERED
JUN 0 3 2003

**MEMORANDUM OPINION**

    This case is still a real mess.

    Now before the court is the inartful motion of defendants to dismiss the action for lack of subject matter jurisdiction and for failure to state a cause of action.  Both contentions were occasioned by plaintiff's inartful pleading.  In his complaint, plaintiff, Lloyd Horton ("Horton"), styles himself as "Lloyd Horton, individually and as general partner of 29 Dreams, Inc.".  He then proceeds to describe one of the named defendants, 29 Dreams, Inc., as an "Alabama Sub-Chapter S corporation."  A sub-chapter S corporation has stockholders and not partners, although in many respects it functions as if it were a general partnership.  The complaint never explains why plaintiff has included 29 Dreams, Inc. as a defendant.

    Horton is a resident of Georgia, whereas the individual defendants, Gregory W. Calhoun ("Calhoun") and Timothy M. Langley ("Langley"), and the corporate defendant, 29 Dreams, Inc., are



residents of Alabama. The amount in controversy exceeds $75,000. If the capacities in which plaintiff is suing and defendants are being sued were not equivocal, diversity jurisdiction under 28 U.S.C. § 1332 would appear.

A partnership agreement is attached to and is incorporated in the complaint. The equal partners appear to be Horton, Calhoun and Langley. The name of the partnership appears to be 29 Dreams Motorcycle Resort. The relationship, if any, between 29 Dreams Motorcycle Resort and 29 Dreams, Inc. does not appear. However, Horton misdescribes himself as a "General Partner of 29 Dreams, Inc.," misdescribes Calhoun as a "General Partner of 29 Dreams, Inc.," and misdescribes Langley as a "General Partner of 29 Dreams, Inc."

If it is Horton's intention to sue 29 Dreams, Inc., he states no cause of action against it. If it is Horton's intention to sue derivatively on behalf of a general partnership entitled 29 Dreams Motorcycle Resort, complete diversity does not exist, and the court lacks jurisdiction. The citizenship of a general partnership is attributed to all partners. If Horton only intends to sue Calhoun and Langley for breach of a partnership agreement, his complaint is like any other contract action, and there is diversity of citizenship upon which to base subject matter jurisdiction. If the true fact is that 29 Dreams, Inc., a corporation formerly owned by Calhoun and Langley, has morphed somehow into a general partnership

named 29 Dreams Motorcycle Resort, in which there are three equal partners, Horton has failed in his complaint to communicate that fact.  Or, is it possible that 29 Dreams Motorcycle Resort has morphed into 29 Dreams, Inc.?  As of now, there is no allegation from which the direction of any metamorphosis can be ascertained.  The allegation that both 29 Dreams Motorcycle Resort and 29 Dreams, Inc. are owned in equal shares by three individual parties to the suit adds to the confusion.  This will all be comprehensible only if it turns out that Horton is unsure of the pertinent facts and is only trying to find them out.  His problem in this regard, if it exists, does not excuse him from his obligation to allege facts that establish jurisdiction, something he has, thus far, failed to do.

    Whether 29 Dreams, Inc. and/or 29 Dreams Motorcycle Resort, is an indispensable party cannot be ascertained from a reading of the present complaint.  The prayer for an order freezing the assets of the partnership and for an accounting and winding up the partnership affairs seems to make the partnership an indispensable party, but it is not named as a party, perhaps because plaintiff would be suing an entity which shares his residency by attribution so that there would be no diversity.

    Rather than to dismiss the action for lack of subject matter jurisdiction, something the court could easily do because the burden is on a plaintiff to allege the requisite jurisdictional

facts as well as to invoke the proper jurisdictional statute, this court will by separate order grant defendants' motion to dismiss, but without prejudice to plaintiff's right to amend.

DONE this **3rd** day of June, 2003.

```
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE
```